UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-60230-CIV-ALTONAGA/Brown

ICE PORTAL, INC.,

      Plaintiff,

vs.

VFM LEONARDO, INC.,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, VFM Leonardo, Inc.'s Motion for Summary Judgment ("VFM Leonardo's Motion") [D.E. 51], filed November 9, 2009; and Plaintiff, ICE Portal, Inc.'s Motion for Final Summary Judgment ("ICE Portal's Motion") [D.E. 60], filed November 12, 2009. VFM Leonardo and ICE Portal both move for summary judgment on ICE Portal's breach of contract and tortious interference claims. ICE Portal also moves for summary judgment on VFM Leonardo's breach of contract counterclaim. The Court has considered the parties' written submissions and the applicable law.

1.     **Legal Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Hayes v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).

CASE NO. 09-60230-CIV-ALTONAGA/Brown

**2.     Analysis**

    A.     <u>VFM Leonardo's Breach of Contract Claim</u>

Genuine issues of material fact preclude granting ICE Portal summary judgment on VFM Leonardo's breach of contract claim. VFM Leonardo alleges ICE Portal breached the no-solicitation clause of the Virtual Tour Agreement when ICE Portal began negotiating directly with Intercontinental Hotel Group ("IHG") in the fall of 2008. ICE Portal does not dispute that it engaged in negotiations with IHG; but the facts related to the negotiations are disputed, and ICE Portal disputes its conduct constituted "direct solicitation" in violation of the no-solicitation clause. The parties also dispute, among other things, to what extent VFM Leonardo knew of, encouraged, facilitated, or participated in the negotiations between ICE Portal and IHG. These facts are relevant to ICE Portal's breach and its waiver and equitable estoppel defenses. *See Guthartz v. Park Centre W. Corp.*, No. 07-80334-CIV, 2009 WL 278960, at *4 (S.D. Fla. Feb. 5, 2009) ("[E]quitable estoppel requires establishing proof of fraud, misrepresentation or some other affirmative deception, which is yet another inquiry inappropriate at the summary judgment stage. Such an inquiry presents multiple issues of fact. The defense of waiver is also unsuitable for resolution at summary judgment.") (internal citations omitted). In short, genuine issues of material fact preclude summary judgment on VFM Leonardo's breach of contract claim.

    B.     <u>ICE Portal's Breach of Contract Claim</u>

ICE Portal argues VFM Leonardo breached the Virtual Tour Agreement by (1) failing to pay the invoice for Phase 2 of the Virtual Tour Agreement, (2) terminating ICE Portal's access to VFM Leonardo's systems; and (3) unilaterally cancelling the Virtual Tour Agreement in December 2008.

2

CASE NO. 09-60230-CIV-ALTONAGA/Brown

ICE Portal argues VFM Leonardo triggered the change-in-control provision of the Virtual Tour Agreement when it purchased substantially all of the assets of both Leonardo Media B.V. ("Leonardo Media") and its subsidiary, Leonardo Media Services B.V. ("Leonardo Media Services"), obligating VFM Leonardo to perform the Virtual Tour Agreement for the initial one year period.   VFM Leonardo argues that its acquisition did not trigger the change-in-control provision because the "Leonardo" in the change-in-control provision refers only to the subsidiary, Leonardo Media Services, and there was no change in ownership or control of Leonardo Media Services.   Genuine issues of material fact preclude summary judgment; three are discussed here.

First, the plain language of the change-in-control provision is ambiguous.   The Virtual Tour Agreement repeatedly refers only to "Leonardo," just as it does in the change-in-control provision. But at the end of the Virtual Tour Agreement, David Elton executed the agreement as CEO of Leonardo Media Services.   Moreover, the Virtual Tour Agreement is an addendum to another agreement between ICE Portal and an entity identified only as "Leonardo."   As a result, it is unclear whether ICE Portal contracted with Leonardo Media or Leonardo Media Services, and whether the "Leonardo" in the change-in-control provision is the parent or the subsidiary.   Based on conflicting deposition testimony, affidavits, correspondence, and other documents, the parties dispute whether they intended "Leonardo" to mean the corporate parent or the subsidiary.   In this case, "[w]here the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties' intent which cannot properly be resolved by summary judgment."   *Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc.*, 513 So. 2d 218, 219 (Fla. 1st DCA 1987); *accord Strama v. Union Fid. Life Ins. Co.*, 793 So. 2d 1129, 1132

CASE NO. 09-60230-CIV-ALTONAGA/Brown

(Fla. 1st DCA 2001).

Second, the parties dispute why and how IHG (or its hotels) cancelled the underlying contract with VFM Leonardo, and, in turn, whether VFM Leonardo was justified in unilaterally cancelling the Virtual Tour Agreement with ICE Portal.  Third, one of VFM Leonardo's defenses is that ICE Portal is estopped from asserting a claim for breach of contract because of its own breach of the Virtual Tour Agreement.  As discussed above, there are genuine issues of material fact relating to ICE Portal's breach of the no-solicitation clause.

In sum, summary judgment is denied as to both parties on ICE Portal's breach of contract claim.

C.      ICE Portal's Tortious Interference Claim

The elements of tortious interference with a business relationship are: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the interference.  *See Alphamed Pharms. Corp. v. Arriva Pharms., Inc.*, 391 F. Supp. 2d 1148, 1165 (S.D. Fla. 2005).  "Intentional interference requires both the intent to damage the business relationship and a lack of justification for doing so."  *Id.*

Genuine issues of material fact pertaining to VFM Leonardo's "intentional and unjustified interference" preclude summary judgment.  First, the parties dispute why IHG decided not to enter into the Consulting Services Agreement with ICE Portal.  VFM Leonardo argues it was because VFM Leonardo offered a superior service; ICE Portal argues it was because VFM Leonardo threatened IHG.  Second, the parties dispute VFM Leonardo's role in the negotiations, which in turn

CASE NO. 09-60230-CIV-ALTONAGA/Brown

raises questions about VFM Leonardo's intent.  Third, IHG alleges its claim is based in part on VFM

Leonardo's obligations under the Strategic Partner Agreement, but the parties present conflicting

evidence as to whether the Strategic Partner Agreement was renewed and in effect at the time VFM

Leonardo committed the alleged tort.  These disputed facts, among others, are matters for the fact-

finder.

### 3.  Conclusion

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** that VFM Leonardo's Motion **[D.E. 51]** is **DENIED** and

ICE Portal's Motion **[D.E. 60]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of January, 2010.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

5